IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HALLMARK CARDS, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 04-0077-CV-W-ODS ) |
| GAINEY TRANSPORTATION SERVICES, INC., | ) ) ) ) |
| Defendant. | ) |

<u>ORDER AND OPINION GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES
AND PREJUDGEMENT INTEREST AND ORDERING ENTRY OF FINAL JUDGMENT</u>

On March 3, 2005, the Court denied Defendant's Motion for Summary Judgment, granted Plaintiff's Motion for Partial Summary Judgment and determined Plaintiff's damages to be $107,564.50. The Court also held Plaintiff was entitled to recover attorney fees but an amount could not be determined based on the record. Plaintiff has since filed a motion seeking attorney fees, prejudgement interest, and entry of final judgment.

<u>I. Attorney Fees</u>

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an *initial* estimate of the value of a lawyer's services." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983) (emphasis supplied). Plaintiff's seek recovery of $54,493.50 in fees for 391.9 hours of legal work. These totals represent the labors of three different attorneys, one of whom charged at three different billing rates (reflecting the increased value of his services as he became more experienced during the life of the suit). Defendant does not

quarrel with the reasonableness of the hourly rates, but contends the amount of time expended was not reasonable. The Court does not agree with all of Defendant's assertions, but does agree the total amount of time should be reduced.

Defendant first contends the manner in which Plaintiff was billed by counsel suggests they "really" had a contingent fee arrangement. Defendant's inference is not only tenuous, but also irrelevant. Plaintiff is entitled to recover a reasonable fee; the Court's focus is on the reasonableness of the request – and the reasonableness of the request does not require the Court to consider whether counsel "really" intends to recover any amount from Plaintiff.

Defendant next contends Plaintiff engaged in unnecessary discovery intended to establish liability. The flaw in Defendant's argument (as previously noted in the Court's March 3 Order) is that Defendant never conceded liability. Defendant argues there was a "common understanding" between the parties that liability was not an issue and further contends Plaintiff unreasonably refused to agree to a stipulation on liability. However, the "common understanding" (assuming it existed) had no legal effect, and Defendant could have easily conceded liability without the need for a stipulation. Under the circumstances, the Court cannot say Plaintiff "overworked" the case by engaging in discovery designed to establish Defendant's liability so long as Defendant's liability remained an issue in the case.

Nonetheless, the Court agrees with Defendant's underlying suggestion that the total amount of time expended on this case was unreasonable. The case was filed in late 2003 and removed to federal court in January 2004. In addition to conducting discovery, Plaintiff had to respond to Defendant's Motion to Dismiss and Defendant's Motion for Summary Judgment. As noted earlier, Plaintiff also filed its own Motion for Partial Summary Judgment. Nonetheless, the issues in this case were rather narrow: (1) Defendant's liability and (2) the appropriate measure of damages. The first issue did not require much in the way of discovery, and the second issue was purely legal in nature. The Court believes the total amount of time spent to address the issues in this case was

2

excessive, so the amount of time is reduced to 250 hours. When multiplied by the average billable rate of $139.00, the adjusted lodestar becomes $34,750.00.

Finally, the Court must consider Plaintiff's degree of success. Farrar v. Hobby, 506 U.S. 103, 114 (1992). "This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief. In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" Hensley, 461 U.S. at 434. While certain counts were dismissed, they do not impact Plaintiff's degree of success because they were alternative grounds for seeking the same relief. Consequently, no adjustment is warranted.

## II. Interest

The March 3 Order observed the parties' contract allowed a prevailing party to recover both attorney fees and "interest from the date of delivery or scheduled delivery of the shipment." The Court did not specifically indicate that Plaintiff was entitled to prejudgment interest, but the issue was not squarely presented by the then-pending motions so at worst the Court's omission was an oversight. In any event, the Court did not intend to hold Plaintiff was not entitled to prejudgment interest; to the contrary, the Court holds it is so entitled.

Defendant contends it should not be ordered to pay interest because it had a good faith belief that it did not owe the amount of damages Plaintiff sought. Without commenting on Plaintiff's premise, the Court holds Defendant's good faith is not an issue. Defendant's liability was virtually certain, and the amount of damages was fixed once the equipment was found and sold for salvage. An award of prejudgment interest is consistent with both the parties' contract and the Carmack Amendment by compensating Plaintiff for the lost time-value of money and thereby putting it in a position as if the

shipment had been made properly. However, the interest should run from the date Plaintiff first demanded payment (August 30, 2002) to the date of judgment.

Defendant does not quarrel with Plaintiff's calculation of prejudgment interest, so the Court will adopt it subject to the temporal limitations specified in the preceding paragraph.

### III. Conclusion

Plaintiff's motion (Doc. # 64) is granted. Plaintiff is awarded attorney fees in the amount of $34,750.00. Plaintiff is also awarded prejudgment interest in the amount of $5,389.34. A Judgment reflecting these awards, along with the sum specified in the March 3, 2005, Order will be entered accordingly.

IT IS SO ORDERED.

|  |  |
|---|---|
| DATE: June 15, 2005 | /s/ <u>Ortrie D. Smith</u><br>ORTRIE D. SMITH, JUDGE<br>UNITED STATES DISTRICT COURT |