IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HALLMARK CARDS, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 04-0077-CV-W-ODS |
| GAINEY TRANSPORTATION SERVICES, INC., | ) |
| Defendant. | ) |

ORDER AND OPINION GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S BILL OF COSTS

The Court awarded summary judgment to Plaintiff on June 15, 2005. Subsequently, Plaintiff filed a Bill of Costs to which Defendant objected. The Court grants in part and denies in part Plaintiff's request that costs be taxed against Defendant.

The primary issue is the scope of costs to be awarded. Plaintiff correctly observes the party's contract allowed it to recover costs, but Defendant correctly observes Plaintiff's present request was made after the Court had already entered final judgment. All of Plaintiff's claims predicated on the contract should have been made before judgment was entered, including its claim for costs beyond those ordinarily permitted by rule or law to prevailing parties. At this point, Plaintiff is able to recover only those costs described in 28 U.S.C. § 1920; Plaintiff cannot rely on the parties' contract to "expand" those categories.[1]

---

[1] Plaintiff relies on TCBY Sys., Inc. v. RSP Co., 33 F.3d 925 (8th Cir. 1994) for the proposition that it can recover costs other than those listed in the statute. The Court agrees with this principle; however, TCBY Sys. does not address *how* or *when* a prevailing party is to proceed to recover those non-statutory costs.

This does not mean Plaintiff is not entitled to an award of costs; it just means those costs are limited to those described in section 1920. As applicable to this case, the following categories are recoverable:[2]

1)  Fees of the clerk – 28 U.S.C. § 1920(1)
2)  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case – 28 U.S.C. § 1920(2)
3)  Fees for witnesses – 28 U.S.C. § 1920(3)
4)  Fees for exemplification and copies of papers necessarily obtained for use in the case – 28 U.S.C. § 1920(4).

The Court finds Plaintiff's requests reasonable except the following items:

- The subpoena fee for serving James Rector is described as a $60.00 gift certificate to a Chinese restaurant. Despite several opportunities, Plaintiff has not explained this rather curious expense. The Court cannot conclude that it is authorized, so it is denied.

- Costs for depositions are permitted if they are "necessary" for the proceeding, and "the determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use." Zotos v. Lindbergh School Dist., 121 F.3d 356, 363 (8th Cir. 1997) (quotation omitted). However, costs are not permitted for depositions taken for "investigative" or prepatory purposes. Cross v. General Motors Corp., 563 F. Supp. 368, 370 (E.D. Mo. 1982) (citing Koppinger v. Cullen-Schlitz & Assoc., 513 F.2d 901, 911 (8th Cir. 1975)); 10 Wright, Miller & Kane, Federal Practice & Procedure § 2676 (section mentioned approvingly in Zotos, 121 F.3d at 363). Defendant does not challenge the taking of the depositions, but rather the extra expense involved in videotaping them. As a general matter this extra cost is regarded as prepatory, and there is nothing in

---

[2]Section 1920 allows recovery for two additional categories of costs, but those categories are not implicated by Plaintiff's request.

the record to justify a contrary conclusion.  Plaintiff points out that Defendant videotaped certain depositions, but this does not establish that the costs are recoverable.  Not all reasonable costs and expenses are recoverable under the statute; that the videotaping was reasonable or customary does not establish its cost as recoverable.

- Witness fees are limited to those permitted under 28 U.S.C. § 1821.  A witness is permitted $40 per day plus certain other expenses.  Defendant has objected to any witness fee greater than $40, and Plaintiff has not indicated any of the recognized additional expenses are involved.  Consequently, the witness fee paid to James Rector will be limited to $40.
- Costs associated with attorney travel time and the use of couriers is not mentioned in the statute.

Consequently, the Court disallows $1,681.56 of Plaintiff's request, and awards Plaintiff $2,632.77 in costs pursuant to 28 U.S.C. § 1920.

IT IS SO ORDERED.

DATE: August 17, 2005

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT